UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA MICHELLE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE No. 16-CV-177-FHM |
| | ) |
| NANCY A. BERRYHILL[1], Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Amanda Michelle Johnson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiff Amanda Michelle Johnson's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held on June 4, 2013. By decision dated August 15, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 1, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 26 years old on the alleged onset date of disability and 31 on the date of the denial decision.  Plaintiff has a high school education and past work experience includes restaurant hostess, clerical office manager, insurance clerk, cashier, and a schedule clerk.  Plaintiff claims to have become disabled as of February 1, 2009[3] due to fibromyalgia, hypertension, anxiety, depression, irritable bowel syndrome, asthma, body tremors, head shakes, body sways, paroxysmal supraventricular tachycardia (PSVT), restless leg syndrome (RLS), and headaches.  [R. 181].

---

[3] Plaintiff amended her onset date of disability from October 20, 2008 to February 1, 2009.  Plaintiff remained insured through September 30, 2011.  [R. 22, 80, 153-54].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to fibromyalgia. The ALJ also found that despite Plaintiff experiencing some headaches and a one time diagnosis of "body tremors," there is no neurological or objective medical evidence that determines these impairments will persist for more than twelve months or a life time. [R. 24]. The ALJ determined that carpal tunnel syndrome, hypertension, asthma, irritable bowel syndrome, restless leg syndrome, affective disorder, and anxiety related disorder were non-severe impairments. [R. 25].

The ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). Plaintiff can occasionally climb stairs, occasionally crouch or crawl, and should never climb ladders, ropes, and scaffolding. [R. 27]. The ALJ determined that Plaintiff is capable of performing past relevant work as an insurance clerk and a schedule clerk given her residual functional capacity. [R. 31]. The ALJ, therefore, found that Plaintiff was not disabled as defined by the Social Security Act. [R. 20]. The case was thus decided at step 4 of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly weigh the medical opinion evidence and properly determine the residual functional capacity; and 2) failed to properly evaluate Plaintiff's credibility.

## **Analysis**

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly weigh the medical opinion of Plaintiff's treating physician, Dr. Sara L. Newell, M.D. [Dkt. 14, p. 8].

Dr. Newell, a board certified rheumatologist, treated Plaintiff from October 2009, through February 2014. Dr. Newell completed a Fibromyalgia Tender Point Diagram finding Plaintiff had 18/18 positive trigger points. [R. 290]. She diagnosed Plaintiff with undifferentiated connective tissue disorder with positive ANA, positive SSA antibody, arthralgias, fibromyalgia, and chronic pain. [R. 327, 1231]. In August 2013, Dr. Newell opined that Plaintiff had been unable to work since October 6, 2009 and would not be able to do so for twelve months or longer. [R. 1161]. On September 30, 2013, Dr. Newell completed a *Multiple Impairment Questionnaire* opining that during an 8-hour work day, Plaintiff could stand/walk 1 to 2 hours; sit 3 to 4 hours; must get up and move every 15 to 20 minutes; could occasionally lift/carry 10 pounds; had significant limitations doing repetitive reaching (including overhead), handling, fingering; moderate limitations in grasping, turning, or twisting objects, or using fingers/hands for fine manipulations. Further, Plaintiff would need to take unscheduled breaks to rest every 1 to 2 hours, and would likely be absent from work more than 3 times a month because of her impairments. [R. 1162-67]. Dr. Newell also found Plaintiff's anxiety and depression contributed to her symptoms and functional limitations. The medical findings Dr. Newell relied upon to support her assessment of Plaintiff's physical ability was her diagnosis of undifferentiated connective tissue disorder, fibromyalgia, chronic pain, as well as positive ANA and SSA laboratory findings. [R. 1231].

4

The ALJ discussed Dr. Newell's treatment records noting that Plaintiff demonstrated all 18 fibromyalgia index points, her pain ranged from five to seven on a zero to ten scale, symptoms would increase if Plaintiff were placed in a competitive work environment, and her condition interfered with her ability to keep neck in a constant position looking at a computer screen or looking down at a desk.  [R. 29].  The ALJ made the following findings pertaining to Dr. Newell's opinion:

> As for opinion evidence, I give little weight to Dr. Newell's opinion (Ex. 14F).  Dr. Newell opined that Ms. Johnson is unable to work because of undifferentiated connective tissue disease limiting her to sedentary work activity.  Although Ms. Johnson's treating physician, Dr. Newell's opinion is based primarily on Ms. Johnson's subjective complaints rather than objective medical evidence.  Thus, I give little weight to Dr. Newell's opinion.

[R. 31].  The ALJ's decision also referred to the diagnosis of fibromyalgia stating:

> Fibromyalgia is a disorder defined by the American College of Rheumatology (ACR) and the Social Security Administration recognizes it as medically determinable if there are signs that are clinically established by the medical record.  The signs are primarily the tender points.  The ACR defines the disorder in patients as "widespread pain in all four quadrants of the body for a minimum duration of 3 months and at least 11 of the 18 specified tender points which cluster around the neck and shoulder, chest, hip, knee, and elbow regions."  Other typical symptoms, some of which can be signs if they have been clinically documented over time, are irritable bowel syndrome, chronic headaches, Temporomandibular joint dysfunction, sleep disorder, severe fatigue and cognitive dysfunction.  Based on the above-described criteria, I find fibromyalgia is a medically determinable impairment in this case because there are examinations supporting Ms. Johnson had at least 11 of the 18 tender points (1F-18F).

[R. 26-27].

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). But even if he determines that the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether, or assigned some lesser weight. He does this by applying the factors provided in 20 C.F.R. §§ 404.1527 and 416.927. *See Watkins,* 350 F.3d at 1300. These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1301 (internal quotation marks omitted).

Contrary to the ALJ's findings that Dr. Newell's opinion was based primarily on Plaintiff's subjective complaints, Dr. Newell's records demonstrate a long history of Plaintiff's symptoms of fibromyalgia including positive fibromyalgia tender points, joint and muscle pain, headaches, weakness, memory loss, intermittent numbness in various body

parts, and imbalance. Over a 4 year period of time, Dr. Newell treated Plaintiff approximately fifteen times. Other record evidence also supports Dr. Newell's opinion, specifically, Dr. Edward E. Rylander, M.D., [R. 1116-1119], and Dr. William L. Surbeck. M.D., [R. 345-355; 1129-30], both of whom diagnosed Plaintiff with fibromyalgia. Although the ALJ did discuss Plaintiff's medical treatment, he did not discuss the factors provided in 20 C.F.R. §§ 404.1527 and 416.927, many of which seem to support Dr. Newell's opinion.

With no "objective" tests presently available to substantiate fibromyalgia or it's limiting effects, rejecting Dr. Newell's opinion on that basis is error. Further, it impermissibly allows the ALJ to substitute his own opinion for that of the treating physician. *Hamlin v. Barnhart,* 365 F.3d 1208, 1221 (10th Cir,. 2004). See also *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996)(holding an "ALJ overstep[s] his bounds [when he enters] the province of medicine.").

## Conclusion

The decision of the Commissioner is REVERSED and REMANDED for reconsideration of Dr. Newell's opinion and Plaintiff's credibility.

SO ORDERED this 8th day of March, 2017.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE