# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

AMANDA MICHELLE JOHNSON,

        Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION

        Defendant.

Case No. 16-CV-177-FHM

## OPINION AND ORDER

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 22] is before the court. Counsel seeks approval of an attorney fee award of $22,895 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. Counsel represents that Plaintiff has been advised of the fee request, and Plaintiff has refused to complete the forms specifying whether she objects to the amount of the fee award as required by the local rules of this district. [Dkt. 27]. In view of counsel's representations, the court finds that Plaintiff has no objection to the amount of the fee request.

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Social Security disability case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their

counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a retainer agreement, [Dkt. 22-2, p.2], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits. The Notice of Award from the Social Security Administration states that the amount of past due benefits paid to Plaintiff is $70,545. [Dkt. 22-2, p.6]. $17,636.25 is 25% of the past due benefits paid to Plaintiff. The Notice contains stock language that states that the Social Security Administration usually withholds 25% of past due benefits in order to pay lawyer's fees, but does not affirmatively state that 25% has been withheld from Plaintiff's past due benefits. Counsel's request of $20,895 is 25% of $83,580, not

2

$70,545. The Notice reflects that some medical insurance premiums would be deducted from Plaintiff's past due benefit check, which could account for the difference between $70,545 and $83,580, but counsel's request does not address this topic.

The undersigned concludes that $17,636.25, which is 25% of the past due benefit award Plaintiff received, as reflected in the record submitted, is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $844 per hour for 20.9 hours of work performed before the district court. That hourly rate is high, but does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $3,800 is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $ $13,836.25 which is approximately 20% of the past due benefits Plaintiff received.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 22], is GRANTED as follows:

Counsel is awarded $17,636.25 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $3,800 to Plaintiff, which is the amount of the EAJA awards.

SO ORDERED 17th day of October, 2018.

Frank H. McCarthy
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE