# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

AMANDA MICHELLE JOHNSON,

    Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION

    Defendant.

Case No. 16-CV-177-FHM

## OPINION AND ORDER

The motion filed by Plaintiff's counsel to Alter or Amend the Court's Order dated October 17, 2018, Awarding Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 29], is before the court. The Commissioner filed a response brief and no reply brief has been filed.

Counsel's motion for fees under §406(b) sought $22,895 in fees for representation of Plaintiff before this court. [Dkt. 22, 23]. The court, having reviewed the motion, accompanying brief, and the Notice of Award from the Social Security Administration concluded that an attorney fee award of $17,636.25 was reasonable. That amount constituted 25% of the past due benefits paid to Plaintiff, as the Notice of Award reflected Plaintiff received a past due benefit check of $70,545. The court noted that the award of $17,636.25 resulted in an hourly rate of $844 per hour for 20.9 hours of work. [R. 28].

The instant motion requests that the court amend its order to award the full $22,895 originally sought. Counsel points out that, although the Notice of Award reflects that Plaintiff received a check for $70,545, the total amount of past due benefits includes the $22,895 withheld by the Commissioner for payment of attorney fees. Counsel calculated the past due benefits using the dates, amount per month, and cost of living adjustments outlined in the Notice of Award, [Dkt. 22-2, p. 6], and arrived at a past due benefit amount

of $91,580, 25% of which is $22,895. [Dkt. 29]. Counsel requests that the court issue an order that alters or amends the previous order to show that counsel is entitled to receive $22,895.

Counsel is reminded that the burden to prove the requested fee is reasonable is on the attorney seeking the fee. *Gisbriecht v. Barnhart,* 535 U.S. 789, 808, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 966 (2002). In the initial motion and brief, counsel failed to perform the necessary calculations to provide the court a basis for awarding the amount requested. It was counsel's responsibility in the first instance to perform those calculations.

The requested fee award of $22,895 results in an hourly rate of $1,095.45 per hour for 20.9 hours of work. This rate is high but does not amount to a windfall due to the contingent nature of the fee award. The fee award of $22,895 is within the 25% limit for attorney fees. When the amount of the EAJA award of $3,800 is returned to Plaintiff as required by *Weakley v. Brown*, 803 F.2d 575, 580 (10th Cir. 1986), the net out of pocket expense for attorney fees is 21% of Plaintiff's past due benefits.

The Motion To Alter Or Amend The Court's Order Dated October 17, 2018, Awarding Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 29], is GRANTED. Counsel is awarded $22,895 to be awarded from Plaintiff's past due benefits. Counsel is required to refund to Plaintiff $3,800, which is the amount of the EAJA fee award.

SO ORDERED this 12th day of June, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE